IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

HAROLD KEVIN KENT,

    Petitioner,

v.

WARDEN,

    Respondent.

CIVIL ACTION NO.: 6:22-cv-53

### REPORT AND RECOMMENDATION

Petitioner Harold Kent ("Kent") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. Doc. 1. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Kent's Petition as untimely filed, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Kent *in forma pauperis* status on appeal and a Certificate of Appealability.

### BACKGROUND

Kent was convicted in the Bulloch County Superior Court of aggravated battery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon, after entry of a guilty plea, on October 6, 2009. Doc. 1 at 17. Kent was sentenced to a total sentence of 20 years' imprisonment. Id. He filed a state habeas corpus application in Mitchell County to challenge his conviction in June 2014, which was transferred to another superior court in February 2015. The Washington County Superior Court denied Kent's application by order dated April 3, 2017, which was filed April 6, 2017. Id. at 21, 22.

The Georgia Supreme Court denied Kent's application for a certificate of probable cause to appeal on December 10, 2018.  Id. at 23.

In the instant Petition, which was signed on July 13, 2022, and filed with this Court on July 18, 2022, Kent challenges his convictions and sentence from October 2009 in the Bulloch County Superior Court.  Doc. 1.  Kent states his counsel was ineffective and was acting under a conflict of interest and the trial court allowed the guilty plea to be accepted without a sufficient factual basis.  Id.

## DISCUSSION

**I.      Whether Kent's Petition Is Timely Filed**

A petitioner seeking to file a federal habeas petition has one year within which to file his petition.  28 U.S.C. § 2244(d)(1).  The statute of limitations period shall run from the latest of four possible dates:

> (A)     the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B)     the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Kent's conviction became final at the time of his completion of the direct review process or when the time for seeking such review expired.  28 U.S.C. § 2244(d)(1)(A).  Kent was

convicted in the Bulloch County Superior Court on October 6, 2009, and the judgment was filed on this same date.[1] Kent had a period of 30 days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Kent did not file an appeal, and thus, his conviction became final on November 5, 2009. Because Kent's conviction became final on November 5, 2009, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to § 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (A state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired.).

As noted above, Kent's conviction became final on November 5, 2009. He had one year from that date, or until November 5, 2010, to file a 28 U.S.C. § 2254 petition for writ of habeas

---

[1] There is nothing before the Court indicating when the judgment in Kent's case was entered, but this largely is irrelevant since Kent's Petition is untimely under any measure of time based on the information he presents.

3

corpus or a properly filed application for state post-conviction or other collateral review. Kent filed his state habeas corpus petition on June 18, 2014, far more than a year after his conviction became final. By that time, the statute of limitations period applicable to § 2254 petitions had elapsed. Consequently, the filing of his state habeas corpus petition did not toll the federal statute of limitations. On its face, Kent's Petition was filed untimely. However, it must now be determined whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "he has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Kent does not present any basis for equitable tolling of the statute of limitations. To be sure, Kent offers no reason why he is challenging his conviction and sentence in this Court more than 13 years after his conviction became final and more than three years after the Georgia Supreme Court denied his certificate of probable cause to appeal his state habeas application. Thus, Kent offers nothing to show he had been pursuing his rights—diligently or otherwise—and some extraordinary circumstance prevented him from filing a timely § 2254 petition. "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014). As he has failed to meet this burden, Kent is not entitled to equitable tolling.

Kent's Petition is untimely, and the Court should **DISMISS as untimely** Kent's § 2254 Petition.

II.     **Leave to Appeal *in Forma Pauperis* and Certificate of Appealability**

The Court should also deny Kent leave to appeal *in forma pauperis* and a Certificate of Appealability.  Though Kent has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Kent's Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Kent *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Kent's Petition as untimely filed, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate

6

judgment of dismissal, and **DENY** Kent *in forma pauperis* status on appeal and a Certificate of Appealability.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 10th day of March, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA